# EXHIBIT 4

Recorded at the Request of
Old Republic Title Company

accommodation 2190000316
AFTER RECORDING, MAIL TO:

Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101
Attention: Virginia M. Pedreira

Fresno County Recorder
Paul Dictos, CPA
**2024-0082764**
Recorded at the request of:
ERECORDING PARTNERS NETWORK
09/11/2024 03:00 12
Titles: 1   Pages: 13
Fees: $55.00
CA SB2 Fees:$75.00
Taxes: $0.00
Total: $130.00

Loan No. 196961

---

## COLLATERAL ASSIGNMENT OF WATER SUPPLY
## AGREEMENT AND EASEMENT

This COLLATERAL ASSIGNMENT OF WATER SUPPLY AGREEMENT AND EASEMENT (this "Collateral Assignment") is made as of July 29, 2015, by KAMM SOUTH, LLC, a California limited liability company ("Borrower"), to and for the benefit of METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation ("Lender").

### RECITALS

A. Borrower is obtaining a loan from Lender (the "Loan"), pursuant to the terms of that certain Loan Agreement dated as of even date herewith and the Loan Documents defined therein (as amended or modified from time to time, the "Loan Documents"). The Loan is evidenced by a Promissory Note dated as of even date herewith in the principal amount of $4,849,950.00 (the "Note"), and will be secured by the real property situated in Fresno County, California as described on Exhibit A attached hereto, together with certain related assets (the "Property"), under the terms of that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing (as amended or modified from time to time, the "Deed of Trust") executed by Borrower and dated as of even date herewith.

B. Borrower and the Water Providers identified on Exhibit B attached hereto (collectively, the "Water Agreement Parties") are parties to that certain Water Supply Agreement and Easement dated as of even date herewith (the "Water Agreement"). Capitalized terms not defined herein shall have the meaning set forth in the Water Agreement. ** recording
concurrently herewith

C. As a condition of the Loan, Lender requires the pledge and collateral assignment by the Borrower of its interests in the Water Agreement to the Lender as additional security for the Loan.

NOW, THEREFORE, in order to further secure the payment of the indebtedness of Borrower to Lender evidenced by the Loan Documents, and for further valuable consideration,

1

79295967.3 0053564-00202

receipt and adequacy of which are hereby acknowledged, Borrower hereby agrees for the benefit of Lender as follows:

1. Subject to the terms and conditions set forth herein, Borrower does hereby assign, transfer and grant to Lender a security interest in all of Borrower's right, title and interest in and to the Water Agreement, including, without limitation, all rights to demand and receive delivery of water under the Water Agreement, all rights of the Borrower to enforce payment of any amount or to enforce performance of any duty, agreement, covenant or obligation thereunder, and all benefits afforded under the Water Agreement.

2. The security interest herein granted shall secure payment and performance of all obligations of Borrower to Lender under the Loan Documents, including, without limitation: (i) the payment of the indebtedness evidenced by the Note, and (ii) performance of all covenants and conditions contained in the Loan Agreement, the Note, the Deed of Trust, and all documents securing or evidencing the Note, and (iii) all obligations of Borrower under this Collateral Assignment.

3. This Collateral Assignment shall constitute an absolute and present assignment and shall be fully operative without any further action on the part of Lender. Notwithstanding the foregoing, the Borrower shall have the right to collect and use any payments due under the Water Agreement and to direct the delivery of and otherwise manage water under the Water Agreement until the occurrence of an "Event of Default" (under and as defined in any Loan Document).

4. Upon the occurrence of an Event of Default, the Borrower hereby authorizes Lender (and its employees and agents), at Lender's option (a) to enforce in the name of the Borrower or Lender's own name as assignee any obligations of the Water Providers under the Water Agreement; (b) to use the Distribution System for the delivery of water supplies; (c) to demand, take delivery of or to direct the delivery of any water that might be then or thereafter available to the Borrower under the Water Agreement; and (d) to otherwise exercise all rights of Borrower under the Water Agreement. The Borrower shall cooperate in Lender's exercise of its rights under the Water Agreement and shall not interfere with any request by Lender to direct or deliver water available under the Water Agreement.

5. The Borrower further authorizes the Lender (and its employees and agents) to hold the original, fully-executed Water Agreement, and to record the Water Agreement in the real estate records of the county in which the property is located and the counties in which the Water Provider Property is located, at its election, upon the occurrence of an Event of Default under the Loan, or under Lender's loans to one or more of the Water Providers, defined in the Loan Agreement as the "Related Loans."

6. Lender shall have the right to take and credit any payments received by Lender by virtue of this Collateral Assignment to any amounts due and owing to Lender by Borrower under the terms of the Loan Documents. The application of such payments to amounts owed by Borrower to Lender shall be made in accordance with the terms of the Loan Documents.

7. Lender shall not be obligated to perform or discharge any obligation of any Party under the Water Agreement, resulting under or by reason of the Borrower's grant of this

Collateral Assignment to Lender, and Borrower hereby agrees to indemnify Lender against and hold it harmless from any and all liability, loss, or damage which Lender may incur under the Water Agreement or this Collateral Assignment and of and from any and all claims and demands whatsoever which may be asserted against Lender by reason of any alleged obligation or undertaking on its part to perform or discharge any of the terms of the Water Agreement.

8.   The Borrower covenants and agrees that unless and until the Note is paid in full, the Borrower:

   a.   will perform in a timely manner all obligations of the Borrower under the Water Agreement, and ensure that the Water Agreement will, at all times, remain in full force and effect;

   b.   will not agree to the termination, reduction of the term or amount of available water, amendment or modification of the Water Agreement without providing prior written notice to and obtaining the consent of Lender;

   c.   will not sell, assign, transfer, grant any further security interest in the Water Agreement, or in the interest of the Borrower under the Water Agreement or the water available thereunder; and further covenants and warrants to Lender it has not executed any prior assignment of or security interest in the Water Agreement; and

   d.   at any time and from time to time upon the request of Lender, Borrower will promptly and duly execute, deliver, file and record (subject to Section 5, above) any and all such further instruments and documents as Lender may reasonably request and which Lender deems necessary to obtain the full benefits of this Collateral Assignment and of the rights and powers herein granted.

9.   Neither the failure nor delay on the part of the Lender in the exercise of any right, power or privilege hereunder shall operate as a waiver thereof or of any other right, power or privilege; nor shall any single or partial exercise of any such right, power or privilege preclude any further or other exercise thereof, or the exercise of any other right, power or privilege.

10.   All notices and other communications required or permitted under this Collateral Assignment shall be in writing and served personally on or mailed by certified or registered mail to the party to be charged with receipt thereof, at the following addresses:

If to Borrower:

   Kamm South LLC
   1306 West Herndon Avenue, Suite 101
   Fresno, CA 93711
   Attn: Mr. Farid Assemi, Ms. Jennifer Reisz, and Mr. Jon Reiter

If to Lender:

   Metropolitan Life Insurance Company

3

79295967.3 0053564-00202

>    205 East River Park Circle, Suite 330
>    Fresno, California 93720
>    Attn: Loan No. 196961

11. This Collateral Assignment shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns.

12. Neither this Collateral Assignment nor any term or provision hereof may be changed, waived, discharged or terminated except by an instrument in writing executed by the party against which enforcement is sought.

13. Nothing in this Collateral Assignment shall amend any of the terms of the Loan Documents.

14. The Borrower agrees without demand to pay to and reimburse Lender for all costs, attorneys' fees and other expenses which it expends or incurs in the collection or enforcement of any obligation evidenced hereby or in the enforcement of this Collateral Assignment, including those incurred in any proceedings or actions in bankruptcy and those incurred in enforcement of any judgment.

15. This Collateral Assignment may be executed in counterparts each of which shall be considered an original and all of which shall constitute a single document.

16. The Borrower hereby consents to the collateral assignment by the other Water Agreement Parties of their respective interests in the Water Agreement to Lender in connection with the Related Loans made by Lender to such parties in substantially the form of this Collateral Assignment. Further, the Borrower agrees to recognize Lender as the assignee of the interests of such other Water Agreement Parties under the Water Agreement upon written notice to Water Providers from Lender of the occurrence of a default under the Related Loans.

16. The obligations of Borrower hereunder shall remain in full force and shall not be impaired by: (i) any express or implied modification, renewal, extension or acceleration of or to the Deed of Trust, the Note, any other Loan Document or any of the Related Loans; (ii) any exercise or non-exercise by Lender of any right or privilege under any of the Loan Documents; (iii) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation or other like proceeding relating to Borrower, Water Providers, or any member or affiliate of Borrower, or any guarantor, or any action taken with respect to the Deed of Trust by any trustee or receiver or by any court in any such proceeding, whether or not Water Providers shall have had notice or knowledge of any of the foregoing; (iv) any release, waiver or discharge of Borrower or any endorser or guarantor from liability under any of the Loan Documents or of any liability under the Related Loans; (v) any subordination, compromise, settlement, release (by operation of law or otherwise), discharge, compound, collection, or liquidation of any of the Loan Documents or any Property described in any of the Loan Documents or otherwise, or any substitution with respect thereto; (vi) any assignment or other transfer of any of the Loan Documents, in whole or in part; (vii) any acceptance of partial performance of any of the obligations of Borrower or any other party under the Loan Documents; (viii) any consent to the transfer of any Property described in the Loan Documents or the property described as collateral

for the Related Loans; and (ix) any bid or purchase at any sale of the Property described in the Loan Documents or the property described as collateral for the Related Loans.

*(Signatures follow on next page.)*

79295967.3 0053564-00202

      IN WITNESS WHEREOF, the Borrower has executed this Collateral Assignment for the benefit of Lender as of the day and year first above written.

**BORROWER:**

KAMM SOUTH, LLC,
a California limited liability company

By: _____
     Farid Assemi, Its Manager

By: _____
     Farshid Assemi, Its Manager

By: _____
     Darius Assemi, Its Manager

79295967.3 0053564-00202

EXHIBIT A

Description of Property
(Kamm South)

Real property in the unincorporated area of the County of Fresno, State of California, described as follows:

PARCEL ONE:

The North half of the Northeast quarter of Section 20, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM the North 50 feet.

ALSO EXCEPTING THEREFROM all the coal and other minerals in said Land as reserved in the Patent from the United States of America, recorded March 10, 1925 in Book 541, Page 367 of Official Records.

ALSO EXCEPTING THEREFROM one-half of Grantors right, title and interest in and to all oil, gas and minerals in, upon or under said Land as excepted in the Deed recorded June 30, 1975, Instrument No. 71252 in Book 7065, Page 578, Official Records from William J. Rivers, et al to Raymond Jack Minnite, et al.

APN: 038-130-71S

PARCEL TWO:

The South three-fourths of the East half of Section 20, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all that portion thereof described as follows:

That portion of the East half of said Section 20 described as follows:

Beginning at the South quarter corner of said Section, said South quarter corner bears South 88° 59' 30" East 2634.82 feet from the Southwest corner of said Section, said Southwest corner begins at coordinated Y-434 249.85 feet and X – 1 565 579.81 feet; thence (1) along the West line of the East half of said Section North 1° 35' 52" East 125.38 feet; thence (2) South 37° 04' 36" East 159.28 feet to the South line of said Section; thence (3) along said South line North 88° 59' 39" West 99.54 feet to the point of beginning.

ALSO EXCEPTING THEREFROM all the coal and other minerals in said Land, together with the right to prospect for, mine and remove the same, as reserved in the Patent from the United States of America, recorded March 10, 1925 in Book 541, Page 367 of Official Records.

ALSO EXCEPTING THEREFROM one-half of the Grantor's right, title and interest in and to all oil, gas and minerals in, upon or under said Land as excepted in the Deed recorded June 30, 1975, Instrument No. 71252 in Book 7065, Page 578, Official Records from William J. Rivers, et al to Raymond Jack Minnite, et al.

APN: 038-130-35S

79295967.3 0053564-00202

PARCEL THREE:

The West half of the Northwest quarter of Section 21, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM the North 50 feet of said West half of the Northwest quarter.

ALSO EXCEPTING THEREFROM all oil, oil rights, natural gas, natural gas rights and other hydrocarbons, by whatsoever name known, and all other minerals and mineral rights, as reserved and excepted in the Deed to the State of California recorded March 13, 1959 in <u>Book 4192, Page 207</u> of Official Records.

APN: 038-130-62S

PARCEL FOUR:

That certain non-exclusive determinable easement of irrigation pipe lines on, over and under a strip of land 30 feet in width along the Western boundary line of the Northwest quarter, the Northwest quarter of the Southwest quarter and the West half of the Southwest quarter of the Southwest quarter, and the Northern boundary line of the North half, lying West of the San Luis Canal, all in Section 9, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof, as granted by William J. Rivers, et al, to Raymond Minnite, et al, by Grant Deed recorded June 30, 1978 in <u>Book 7065, Page 587</u> as Instrument No. 71253 of Official Records.

PARCEL FIVE:

A non-exclusive easement for a water pump station and/or water filtration/treatment system and incidental purposes thereto, as created in Instrument recorded December 13, 1999 as Instrument No. <u>99-176922</u> of Official Records, over and across the following property:

The East 70 feet of the North 300 feet of the Northeast quarter of the Southeast quarter of Section 17, Township 16, Range 14, Mount Diablo Base and Meridian.

PARCEL SIX:

A non-exclusive easement for underground irrigation pipeline and incidental purposes thereof, as created in Instrument recorded December 13, 1999 as Instrument No. <u>99-176922</u> of Official Records, over and across the following property:

The East 50 feet of the Northeast quarter and the Southeast quarter of Section 17, Township 16, Range 14, Mount Diablo Base and Meridian.

PARCEL SEVEN:

A non-exclusive easement for the maintenance, repair and replacement of an irrigation pipeline and incidental purposes thereof, as created in Instrument recorded December 13, 1999 as Instrument No. <u>99-176923</u> of Official Records, on, over and under the following property:

A strip of land 30 feet in width along the Western boundary line of the Northwest quarter, the Northwest quarter of the Southwest quarter and the West half of the Southwest quarter of the Southwest quarter, and the Northern boundary line of the North half, lying West of the San Luis Canal, all in Section 9, Township 16 South, Range 14 East, Mount Diablo Base and Meridian.

8

PARCEL EIGHT:
Non-exclusive access and other rights in and to a well and well-site, upon the terms and conditions contained in that certain "Well Sharing Agreement" dated July 29, 2015, by and among Farid Assemi, Trustee of the Bibi Assemi Revocable Trust dated July 9, 2010; Kamm South, LLC, a California limited liability company; and Cantua Orchards, LLC, a California limited liability company, as located on the following described property:
Lots 24, 25 and 26, inclusive, in Section 4, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Map of a part of California Land Company's Tract No. 1, recorded May 8, 1912, in Book 7, Page 49 of Record of Surveys, records of said County.

EXCEPTING THEREFROM all that portion of said South half of Section 4 of that certain parcel of land granted to the United States of America and described in that certain Deed executed by Rabb Bros., a co-partnership,

EXHIBIT B

Water Providers

104 PISTACHIOS, LLC, a California limited liability company; DERRICK PISTACHIOS, LLC, a California limited liability company; FNF FARMS, LLC, a California limited liability company; GRANVILLE FARMS, LLC, a California limited liability company (f/k/a Granville Farms, LP, a California limited partnership); KAMM PISTACHIOS, LLC, a California limited liability company; PANOCHE PISTACHIOS, LLC, a California limited liability company; SOMMERVILLE FARMS, LLC, a California limited liability company (f/k/a Sommerville Farms, LP, a California limited partnership); THREE ROCKS PISTACHIOS, LLC, a California limited liability company; TUSCAN FARMS, LLC, a California limited liability company (f/k/a Tuscan Farms, LP, a California limited partnership); WATERFORD FARMS, LLC, a California limited liability company (f/k/a Waterford Farms, LP, a California limited partnership); ASSEMI AND SONS, INC., a California corporation; ASSEMI 100, LLC, a California limited liability company; ASSEMI BROTHERS, LLC, a California limited liability company; FARID ASSEMI, as Trustee of the BIBI ASSEMI REVOCABLE TRUST dated July 9, 2010; CANTUA ORCHARDS, LLC, a California limited liability company; VENTANA NORTH, LLC, a California limited liability company; VENTANA CENTRAL, LLC, a California limited liability company; VENTANA SOUTH, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; ACDF, LLC, a California limited liability company; C & A FARMS, LLC, a California limited liability company; SAGEBERRY I, LLC, a California limited liability company; SAGEBERRY II, LLC, a California limited liability company; SAGEBERRY III, LLC, a California limited liability company; SAGEBERRY IV, LLC, a California limited liability company; SAGEBERRY V, LLC, a California limited liability company; SAGEBERRY VI, LLC, a California limited liability company; SAGEBERRY FARMS, LLC, a California limited liability company; BISHOP FARMS 15, LLC, a California limited liability company; BISHOP FARMS 22, a California limited liability company; FARID ASSEMI, as Trustee of the Amended and Restated Farid Assemi Revocable Trust dated March 2, 2010; FARSHID ASSEMI and SONIA ROSEMARY ASSEMI, as Trustees of the Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust dated March 2, 2010; and DARIUS ASSEMI, as Trustee of the Amended and Restated Darius Assemi Revocable Trust dated March 2, 2010 (collectively, the "Water Providers").

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Fresno

On July 23, 2015 before me, Stacy-Ann Terry-Ann Benton, a Notary Public, personally appeared Darius Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

Name: Stacy-Ann Terry-Ann Benton
(typed or printed)

(Seal)

STACY-ANN TERRY-ANN BENTON
Commission # 2100824
Notary Public - California
Fresno County
My Comm. Expires Feb 21, 2019

EsInitials

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of __California__

County of __Fresno__

On __July 23, 2015__ before me, __Alta May__, a Notary Public, personally appeared __Farshid Assemi__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: __Alta May__

Name: __Alta May__
        (typed or printed)

(Seal)

ALTA MAY
Commission # 2096611
Notary Public - California
Fresno County
My Comm. Expires Feb 7, 2019

EsInitials

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  California

County of  Fresno

On  July 24, 2015  at 9:23 AM  before me,  Alta May , a Notary Public,
personally appeared  Farid Assemi
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Alta May_

Name: _Alta May_
       (typed or printed)

(Seal)

ALTA MAY
Commission # 2096611
Notary Public - California
Fresno County
My Comm. Expires Feb 7, 2019

EsInitials