1　MICHAEL B. BROWN, Bar No. 179222
　　michael.brown@stoel.com
2　THOMAS A. WOODS, Bar No. 210050
　　thomas.woods@stoel.com
3　BENJAMIN J. CODOG, Bar No. 307034
　　ben.codog@stoel.com
4　MICHELLE J. ROSALES, Bar No. 343519
　　michelle.rosales@stoel.com
5　STOEL RIVES LLP
　　500 Capitol Mall, Suite 1600
6　Sacramento, CA  95814
　　Telephone:  916.447.0700
7　Facsimile:  916.447.4781

8　*Attorneys for Plaintiff BRIGHTHOUSE LIFE
　　INSURANCE COMPANY*

9

10　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　EASTERN DISTRICT OF CALIFORNIA

12　　　　　　　　　　FRESNO DIVISION

13

| | |
|---|---|
| 14 BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware corporation, | Case No. 1:24-cv-01232-KES-SAB |
| 15 | **PLAINTIFF'S *EX PARTE* MOTION** |
| Plaintiff, | **FOR ORDER APPOINTING** |
| 16 | **RECEIVER AND FOR PRELIMINARY** |
| v. | **INJUNCTION** |
| 17 | |
| 18 KAMM SOUTH, LLC, a California limited | Action Filed: October 10, 2024 |
| liability company; FARID ASSEMI, an | Trial Date: Not Set |
| 19 individual; FARSHID ASSEMI, an individual; | |
| DARIUS ASSEMI, an individual; and DOES 1 | |
| 20 through 100, inclusive, | |
| 21 Defendants. | |

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR　　-1-　　CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

### *EX PARTE* MOTION FOR APPOINTMENT OF
### RECEIVER AND FOR PRELIMINARY INJUNCTION

Plaintiff BRIGHTHOUSE LIFE INSURANCE COMPANY ("Plaintiff" or "Brighthouse"), by and through its counsel, and for its *Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction* (the "Motion"), states as follows:

## I.      **INTRODUCTION**

Defendant KAMM SOUTH, LLC, a California limited liability company (the "Borrower Defendant"), together with affiliated Guarantor Defendants[1] are in default to Brighthouse (alone) on an over $3 million secured debt obligation.  Since mid-September, some Defendants have been sued by other financial institutions for defaults on secured agricultural loans associated with imperiled harvests and imminent loss of trees, irrigated crops, water rights, and delivery systems. Defendants are out of money, and the collateral that is valuable to California's agricultural supply stream *is out of time*.  A receivership and injunction to protect the land and water rights Brighthouse is responsible for is now warranted and requested.

As security for the obligations under the Loan Documents[2], all rights, priority and continuing, recorded (and perfected) security interests in real property and personal property as collateral located in Fresno County were irrevocably assigned to and assumed by Brighthouse. (Declaration of Jeremy Rasmussen (the "Rasmussen Decl.") ¶ 7; Ex. 2 (Dkt. 1-3).)  As part of the Loan Documents, the Borrower Defendant expressly consented to the appointment of a receiver in the event of default. (Rasmussen Decl. ¶¶ 15-18; Complaint[3], Ex. 1 (Dkt. 1-2) at § 11.1(g) [Loan Agreement]; Ex. 3 (Dkt. 1-4), Deed of Trust, Section 14.1(g).)

---

[1] The Guarantor Defendants include Farid Assemi, Fashid Assemi and Darius Assemi, each individually.

[2] Brighthouse incorporates the terms of its October 10, 2024 Complaint (Dkt. 1).  Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

[3] Brighthouse filed the Complaint for (1) Breach of Loan Agreement; (2) Breach of Guaranty; (3) Judicial Foreclosure; (4) Specific Performance and Appointment of Receiver; (5) Injunctive Relief; and (6) Replevin.

Stoel Rives LLP
Attorneys at Law
Sacramento

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -2-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

Accordingly, pursuant to Federal Rule of Civil Procedure 66 and L.R. 232, Brighthouse requests the appointment of a receiver in order to conserve, maintain, and manage: (i) real property owned by Borrower Defendant, including all appurtenances, improvements, permanent plantings, water rights and irrigation equipment and infrastructure, easements, and rent, issues and profits (the "Kamm South Real Property") (as further defined and described in Brighthouse's Complaint, ¶ 14); and (ii) personal property, not limited to: all equipment, goods, and accounts, whether attached or appurtenant to the Kamm South Real Property; all crops (including without limitation harvested crops, farm products, and seed and the products and proceeds thereof) along with all present and future income, rents, issues, profits and revenues of the crops now or hereafter growing on the Kamm South Real Property; all rights to the use and enjoyment of water, whether or not appurtenant to the Kamm South Real Property, and all improvements for water delivery and storage, and easements and permits associated with the same (collectively, the "Brighthouse Receivership Property").

Defendants have been provided ample notice of this (and other) defaults. (*See* Complaint ¶¶ 27-28.)[4] The defaults are evidently incurable, as Borrower Defendant and its affiliates efforts to secure long-term financing to support the agriculture have fallen short. (Request for Judicial Notice "RJN" filed herewith, Ex. 1-3.) Borrower Defendant's affiliates for instance, are already subject to two receiverships, one in the process of being continued and expanded from its original scope.[5] (*Id.*) The crop harvest concluded in October 2024, and funding is required to preserve and maintain the Brighthouse Receivership Property.  (*See* RJN, Ex. 3.) Without sufficient funding, the Brighthouse Receivership Property, and particularly the trees comprising a significant portion of the value thereof, are subject to damage or destruction if not properly maintained during and after

---

[4]  See also, Request for Judicial Notice, ("RJN"), Exs. 1 and 2.

[5]  Borrower Defendant and/or its affiliated farming entities have stipulated and agreed to the appointment of a receiver in two related actions involving real property collateral in their integrated farming operations and acknowledged that "Borrowers face significant cash flow issues and will not have sufficient cash to maintain, preserve, and care for the Property, including but not limited to trees and crops" and that "[s]uch actions would cause damage to the Property, including causing the trees (which make up a significant value of the Property) to be damaged or die." (RJN, Ex. 1 at 4:1-4.)

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR                    -3-                    CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

harvest. A receiver is also necessary to preserve and protect Brighthouse's interests in the water rights and crop proceeds relating to the Brighthouse Receivership Property. Receiver Lance Miller in the related action recently prepared and distributed a Weekly Update Memorandum, dated October 21, 2024, which identified $494,400 in water sales from unspecified Maricopa farming entities and over $5.7 million in crop proceeds from the harvest of almonds and pistachios (none of which has been remitted to Brighthouse despite Borrowers' defaults and Brighthouse's security in the crop proceeds). (Rasmussen Decl. ¶ 29, Ex.1.) A receiver is warranted to preserve and prevent the misappropriation of the Brighthouse's collateral.

Brighthouse is contractually and equitably entitled to the immediate appointment of a receiver to manage and operate, subject to the discretion of this Court, the Brighthouse Receivership Property. Brighthouse also has the right to a preliminary injunction because it faces irreparable harm should Borrower Defendant and/or other associated Defendants' officers and directors, affiliates, creditors or other interested parties interfere with the receiver in the performance of its duties.

This requested order will ensure that Brighthouse shall protect and preserve the Brighthouse Receivership Property. Brighthouse requests that this Court issue an order appointing a receiver over the Brighthouse Receivership Property and enjoining any and all Borrowers, Guarantor Defendants, and third parties from interfering with the receiver's maintenance and operation of the Brighthouse Receivership Property during the pendency of these proceedings. In addition to maintaining and managing the Brighthouse Receivership Property, Brighthouse also requests that the order appointing the receiver instruct the receiver to: operate the Brighthouse Receivership Property pending any sale of such property; sell inventory and collect accounts in the ordinary course of operations; liquidate the Brighthouse Receivership Property, in whole or in part, by auction or by private sale subject to Court approval; and perform all other acts consistent with the terms of the order entered by the Court.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -4-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

## II.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   THE LOAN DOCUMENTS AND COLLATERAL ASSIGNED TO AND ASSUMED BY PLAINTIFF.**

On or about July 29, 2015, original lender made a loan to Borrower Kamm South, in the original principal amount of Four Million Eight Hundred Forty-Nine Thousand Nine Hundred Fifty and 00/100 Dollars ($4,849,950.00) ("Loan"), pursuant to that certain Loan Agreement dated as of July 29, 2015 ("Loan Agreement"), by and among Borrower, original lender, and the Guarantor Defendants.  (Rasmussen Decl. ¶ 5; Complaint, Ex. 1 (Dkt.1-2).)  The Loan is evidenced by that certain Promissory Note (the "Note") payable to the order of original lender.  The Note was endorsed to the order of Brighthouse, pursuant to that certain Allonge dated effective June 30, 2023, and original lender assigned its interest in the Loan, and certain other loans, to Brighthouse pursuant to that certain General Omnibus Assignment and Assumption agreement dated effective June 30, 2023 ("Omnibus Assignment"). Brighthouse is the current holder of the Note. (Complaint, Ex. 2 (Dkt. 1-3).)

The Loan is secured by, *inter alia*, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated July 29, 2015, and recorded on July 29, 2015, with the Fresno County Recorder as Document No. 2015-0096366 ("Deed of Trust"), in favor of original lender, as beneficiary, under which Borrower, as trustor, conveyed to Leon A. Moreno, as trustee, real property situated in the County of Fresno, State of California, and described on Exhibit "A" to the Deed of Trust,  and all appurtenances, fixtures, permanent plantings, rights and benefits thereto, as described in the Deed of Trust, including, without limitation, the easements described therein (the "Kamm South Real Property") (Rasmussen Decl. ¶ 8(a); Ex. 3 , Deed of Trust, Granting Clause C, § 10.5(a) (Dkt. 1-4).)

The Loan is also secured by that certain Collateral Assignment of Water Supply Agreement and Easement dated as of July 29, 2015, and recorded on September 11, 2024, with the Fresno County Recorder as Document No. 2024-0082764 ("Collateral Assignment") assigning as security for the Loan all rights and interests of Borrower under the Water Supply Agreement and Easement dated as of July 29, 2015 benefitting and appurtenant to the Real Property (the "Water Agreement").

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -5-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

The Note is also secured by that certain Grant of Easements and Well Sharing Agreement dated July 29, 2015, recorded July 29, 2015, in the County of Fresno, State of California as Document No. 2015-0096367 ("Grant of Easements and Well Sharing Agreement").  (Rasmussen Decl. ¶ 8(b)-(c); Exs. 4-5 (Dkt. 1-5, Dkt. 1-6).)

The Deed of Trust was also affected by that certain Assignment of Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated effective June 30, 2023, and recorded on July 16, 2024, with the Fresno County Recorder as Document No. 2024-0062442 ("Assignment of DOT"), pursuant to which original lender assigned its interest in and to the Deed of Trust to Brighthouse.  The Assignment of DOT was executed in connection with the Omnibus Assignment.  (Rasmussen Decl. ¶ 9; Ex. 6 (Dkt. 1-7).)

The Deed of Trust and the Loan Agreement further provide that the Loan is secured by "Water Rights," as that term is defined in the Deed of Trust, including without limitation, those rights of Kamm South under all agreements, service contracts and other entitlements to water including without limitation the Water Supply Agreement and Easement that was assigned to original lender under the Collateral Assignment. (Rasmussen Decl. ¶ 10; Ex. 1, Loan Agreement, § 2.4 (Dkt. 1-2); Ex. 3, Deed of Trust, Granting Clause E (Dkt. 1-4).)

In connection with the Loan, Kamm South and Guarantor Defendants entered into that certain Environmental Indemnity Agreement dated as of July 29, 2015 ("Environmental Indemnity Agreement"), pursuant to which Kamm South and Guarantor Defendants have agreed to indemnify original lender from environmental claims and violations of environmental laws, as more specifically described therein. (Rasmussen Decl. ¶ 11; Ex. 7 (Dkt. 1-8).)  Also, in connection with the Loan, Guarantor Defendants each entered into a Loan Guaranty Agreement dated as of July 29, 2015 (collectively, the "Guaranty"), pursuant to which Guarantor Defendants have personally, jointly and severally, guaranteed the Loan. (Rasmussen Decl. ¶ 12; Ex. 8 (Dkt. 1-9).)

Pursuant to the Omnibus Agreement, the Loan Agreement, the Collateral Assignment, the Environmental Indemnity Agreement, the Guaranty, and all other collateral instruments and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR        -6-        CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION

126367020.5 0053564-00658

documents made in favor of original lender in connection with the Loan, were assigned and transferred to Brighthouse effective June 30, 2023.   (Rasmussen Decl. ¶ 13.)

The Deed of Trust constitutes a Security Agreement with respect to the Brighthouse Receivership Property.  As further described in the Complaint and attachments thereto, Brighthouse possesses, through the Deed of Trust, priority security interests in: (i) Real Property, comprising of approximately 394.97 acres of irrigated agricultural land associated with Accessor's Parcel Numbers ("APN") owned by the Borrower Defendant[6]; (ii) all appurtenances, fixtures, permanent plantings, rights and benefits thereto, including all water rights, water agreements and related water delivery contracts, easements, leases, water storage agreements, rights under irrigation districts, well agreements, drainage rights and all water inventory and water in storage, water permits, and water licenses; and (iii) the products and proceeds thereof related to the Brighthouse Real Property including, but not limited to, the products and proceeds of pistachio orchards.  (*See* Rasmussen Decl. ¶¶ 14-16; Ex. 3, Deed of Trust, at Granting Clause C, § 10.5(a), and Ex. A (Dkt. 1-4).)

The Security Agreement under the Deed of Trust was further perfected by the filing of UCC-1 Financing Statements with the California Secretary of State on July 31, 2015, Filing No. 157478026353 ("UCC Filing").  The UCC Filing was "continued" through the official filing of a UCC Financing Statement – Amendment, on February 11, 2020.  The UCC Filing was further assigned to Brighthouse, through the filing of a UCC Financing Statement – Amendment, filed July 20, 2023.  The Security Agreement as perfected by the UCC Filing grants to and perfects in Brighthouse a security interest in and to all of Borrower's right, title and interest in personal property including but not limited to: all equipment, goods, and accounts whether attached or appurtenant to the Kamm South Real Property; all crops (including without limitation harvested crops, farm products, seed and the products and process thereof) along with all present and future income, rents, issues, profits and revenues of the crops now or hereafter growing on the Kamm South Real Property; all rights to the use and enjoyment of water, whether or not appurtenant to the Kamm South Real Property, and all improvements for water delivery and

---

[6] The APNs for the real property located in Fresno County are APN 038-130-71S; APN: 038-130-35S; and APN 038-130-62S.  (*See* Rasmussen Decl. ¶ 8(a); Ex. A to Deed of Trust (Dkt. 1-4).)

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR                   -7-                    CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

storage, and easements and permits associated with the same, in addition to membership interests in Poso Creek Water Company, LLC, as further described in the UCC Filing.  (Rasmussen Decl. ¶ 19; Ex. 9 (Dkt. 1-10).)

**B.      BORROWER DEFENDANT'S INCURABLE DEFAULTS.**

   **(1)      Borrower Defendant's Unpaid Loan.**

On September 4, 2024, Brighthouse caused to be provided to Kamm South and Guarantor Defendants a Notice of Default and Demand for Payment for the approximate total due of $180,023.27.  Kamm South and Guarantor Defendants were further informed that if payment was not received by September 10, 2024, Brighthouse would cause to be initiated a demand and acceleration of the Loan.  (Rasmussen Decl. ¶ 22; Ex. 10 (Dkt. 1-11).)

The past due amount was not paid by September 10, 2024, and on September 18, 2024, the investment manager for Brighthouse sent to Kamm South and Guarantor Defendants a Notice of Default and Acceleration of Debt.  (Rasmussen Decl. ¶ 23; Ex. 11 (Dkt. 1-12).)

As of on or about September 18, 2024, the amounts that remain due and owing under the Loan Documents, including but not limited to all principal outstanding, interest, late charges, attorneys' fees, financial advisor fees, expenses, and advances, are in excess of $3,432,619.00. (Rasmussen Decl. ¶ 34.)

   **(2)      Other Defaults.**

Except for the defaults that are subject to the two pending receiverships in the potentially related actions, Brighthouse does not know the extent of Defendants' defaults to additional lenders or creditors, but these defaults (and the acceleration of the Loan) augment the precarious financial situation for Borrower Defendant and its related entities and affiliates.

**C.      BORROWER DEFENDANT'S FINANCIAL DISTRESS IS INCURABLE AND PUTS THE RECEIVERSHIP PROPERTY AT RISK OF DISTRESS.**

Borrower Defendant's financial strain and lack of operating cash flow places the Brighthouse Receivership Property in serious peril of distress itself. Brighthouse is informed and believes, based on discussions with employees at Agriglobe LLC who recently conducted inspections of the Real Property and interviews with Borrower Defendant's farm managers, there

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR            -8-            CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

has been deferred cultural maintenance of the biological assets on the Brighthouse Receivership Property because of Borrower Defendant's financial distress, and the following needs to occur or the biological assets on the Brighthouse Receivership Property will be damaged or destroyed: post-harvest irrigation; post-harvest fertility; post-harvest soil amendments; winter sanitation (removal of any crop remaining on the trees); dormant insecticide spray applications; vertebrate control; pruning; and general repairs and maintenance to the irrigation system and other infrastructure. (Rasmussen Decl. ¶ 30.)

Borrower Defendant and its related farming affiliates have significant cash flow and liquidity issues and have insufficient funds to operate post-harvest. (*Id*. ¶ 29.) These issues are likely to result in an inability to pay payroll and maintain a sufficient workforce necessary to manage the Brighthouse Receivership Property including the water rights associated therewith. (RJN, Ex. 1.)

As a result of the foregoing, there is manifest danger of loss, deterioration, and diminution of the Brighthouse Receivership Property, which, along with the revenue generated by its operations, are the primary sources for repayment of the Loans, and Brighthouse, as an interested and secured party, is threatened with material losses and injuries for which it has no adequate remedy at law against Borrower Defendant. (Rasmussen Decl. ¶ 31.)

## III.     ARGUMENT AND LEGAL AUTHORITY

## A.     BRIGHTHOUSE IS ENTITLED TO THE APPOINTMENT OF A RECEIVER.

Federal courts may appoint a receiver under their inherent equitable powers, which appointment shall not be disturbed absent an abuse of discretion. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843–44 (9th Cir. 2009). Courts consider several factors in their analysis, including: (1) whether the moving party has a valid claim and is likely to succeed in the action; (2) whether the property interest at issue "is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (3) the possibility of irreparable injury to the moving party's interest in property; (4) whether the defendant is of doubtful financial standing; and (5) whether a receiver is necessary to protect the property or property interest of Plaintiff and other parties. *Id*. at 844; *see*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -9-                    CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

*also N.Y. Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991) (same). The chief factors are the adequacy of the security serving as collateral and financial state of the defendant. *N.Y. Life*, 755 F. Supp. at 292.

### 1.   Borrowers' Written Agreements Establish Brighthouse's Entitlement to the Appointment of a Receiver.

Federal courts have upheld the validity of receiverships based on an express agreement between lender and debtor. *See Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F.Supp. 482, 499 (C.D. Cal. 1991) ("the appointment of receiver, as provided for in the Deed of Trust and Security Agreement, for the defendants' property is necessary to protect the plaintiff's interest").

Here, Borrower Defendant expressly consented to the appointment of a receiver in the event of a default in at least two Loan Documents: the Loan Agreement and Deed of Trust. Under the Loan and Deed of Trust, pursuant to the respective "Rights and Remedies on Default," Brighthouse has the right to have a receiver appointed to:

> take possession of any or all of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, to collect the Proceeds from the Property and apply the Proceeds, over and above cost of the receivership, against the Indebtedness. Beneficiary may apply to any court of competent jurisdiction for   the appointment of a receiver or receivers for the Property and of all the earnings, revenues, rents, issues, profits and income therefrom, ex parte, without notice, and without regard to the sufficiency or value of any security for the obligations secured hereby or the solvency of any party bound for its payment, the expenses of which shall be secured by this Deed of Trust. The receiver may serve without bond if permitted by law.

(Rasmussen Decl. ¶¶ 22-23, 32; Complaint, Ex. 1, Loan Agreement (Dkt. 1-2), § 11.1(h); Ex. 3, Deed of Trust, (Dkt. 1-4), § 13.1(g).)

### 2.   Brighthouse Has a Valid Claim and Is Likely to Succeed.

A receiver is proper here, as Brighthouse is overwhelmingly likely to succeed on the merits of its claims for breach of the Loan. *See N.Y. Life*, 755 F. Supp. at 292 ("[I]n appointing receivers federal courts consider ... plaintiff's probable success in the action"). The Rasmussen Declaration comprehensively addresses Borrower Defendant's continuing defaults under the Loan Documents and Borrower Defendant's failure to timely pay in response to Brighthouse's Notice of Default and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR            -10-            CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

1   Acceleration of Debt.  The amounts due and owing to Brighthouse as a result of those defaults

2   continue to increase on a daily basis.

3       **3.      Brighthouse is Entitled to a Receiver to Protect Its Property Interests and Collateral From Irreparable Harm.**

4

5       A court is "well within its discretion" to appoint a receiver where property constituting

6   collateral is "in danger of substantial waste and risk of loss" or "may become insufficient to

7   discharge the debt which it secures." *Canada Life Assur. Co.*, 563 F.3d at 845.  Borrower Defendant

8   and its affiliates are experiencing extreme financial difficulties and will not be able to continue

9   operating without additional funds, including being unable to maintain post-harvest activities

10  essential to the maintenance and operation of the Brighthouse Receivership Property.  (Rasmussen

11  Decl. ¶ 30, Ex. 1.)  If the Brighthouse Receivership Property is not cared for, substantial and long-

12  lasting damage is likely to occur in the next several weeks and beyond.  (*See* Rasmussen Decl. ¶¶

13  30-31.) The Brighthouse Receivership Property, including Proceeds, are under an immediate threat

14  of damage, thereby threatening the value of Brighthouse's collateral and its ability to recover.  A

15  receivership is immediately necessary to prevent Borrower Defendant from further eroding

16  Brighthouse's Receivership Property and undermining prospects for repayment.

17      **4.      Borrowers' Financial Distress Requires the Court to Appoint a Receiver.**

18      A "foremost factor" in whether a receiver should be appointed is the defendant's doubtful

19  financial standing and imminent insolvency.  *Canada Life Assur. Co.*, 563 F.3d at 844–45; N.Y.

20  Life, 755 F. Supp. at 292 ("Most important among the factors are the adequacy of the security and

21  the financial position of the mortgagor").  The Borrower Defendant and its affiliates are in financial

22  distress.  Borrower Defendant and/or their affiliated farming entities have stipulated and agreed to

23  the appointment of a receiver in two related actions involving real property collateral in their

24  integrated farming operations (RJN, Exs. 1-3) and acknowledged that "Borrowers face significant

25  cash flow issues and will not have sufficient cash to maintain, preserve, and care for the Property,

26  including but not limited to trees and crops" and that "[s]uch actions would cause damage to the

27  Property, including causing the trees (which make up a significant value of the Property) to be

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR       -11-       CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

damaged or die." (RJN, Ex. 1 at 4:1-4.)  There is no evidence to suggest that Borrower Defendant's financial condition will improve at all, let alone enough to manage, operate, and appropriately care for the Brighthouse Receivership Property.

**B.      THE COURT SHOULD GRANT BRIGHTHOUSE A PRELIMINARY INJUNCTION.**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 55 U.S. 7, 20 (2008). In determining whether to grant a temporary restraining order or preliminary injunction, courts in this Circuit consider four factors: (1) whether the applicant is likely to succeed on the merits of their claim; (2) whether the applicant is likely to suffer irreparable harm absent the preliminary injunction; (3) whether the equities weigh in favor of the proposed injunction; and (4) whether the preliminary injunction is in the public interest. *Id.* at 20.

The evidence laid out above establishes each factor weighs in favor of Brighthouse and the Court's issuance of immediate injunctive relief.  The amounts due and owing under the Loan Documents, the defaults thereunder, and the impossibility to cure any such defaults given the size of the obligations also establish Brighthouse's likeliness to succeed on the merits of its claim. Additionally, Brighthouse has also shown above that it is likely to suffer irreparable harm in the absence of relief, and that the balance of the equities tips in its favor.  Finally, once the Court appoints a receiver herein, an injunction benefits the public interest because the receiver needs to be able fulfill its duties and obligations without potentially disruptive interference.

**C.      IF A BOND IS REQUIRED, A NOMINAL UNDERTAKING IS APPROPRIATE**

Security is required for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

**1.      The Court Should Order a Nominal Undertaking.**

In light of the Borrower Defendant's financial distress, Brighthouse proposes a nominal undertaking to redress Defendants from any damage that may result from the Court's appointment

Stoel Rives LLP
Attorneys at Law
Sacramento

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR        -12-        CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

of a temporary receiver and issuance of a preliminary injunction. Any damage Borrowers' assets may suffer as a result of the Court's appointment of a temporary receiver and issuance of a preliminary injunction would not harm Borrowers, but Brighthouse.  An undertaking should be nominal.

### 2.     Receiver's Bond.

Under L.R. 232(i), the receiver must maintain an undertaking. Pursuant to L.R. 151(h), Brighthouse, upon issuance of the Court's order appointing the receiver, proposes it post a cash deposit and submit a proposed written instrument, "executed and acknowledged by the party, setting forth the conditions on which the deposit is made, and the fact that the Clerk may collect or sell the obligations and apply ... the cash deposited[] in the case of default."  L.R. 151(h).

### D.     THE COURT SHOULD APPOINT PHILLIP CHRISTENSEN OF AGRIGLOBE, LLC

Brighthouse requests that Phillip Christensen of Agriglobe, LLC (the "Brighthouse Receiver") be appointed as receiver herein. The Declaration of Phillip Christensen ("Brighthouse Receiver Decl.") supporting his proposed receivership is attached hereto, which, among other things, provides for a general overview of Agriglobe and a proposed fee schedule, and attaches the proposed Brighthouse Receiver's curriculum vitae. These documents demonstrate that the proposed Brighthouse Receiver is experienced in the maintenance, management, and daily operation of properties similar to the Brighthouse Receivership Property.

Mr. Christensen is a proper and competent receiver here. He is neither a party nor an attorney for a party to this action; has no interest in the action; and is not related to any judge of this Court. He will accordingly act as an agent of the Court and not of any party, carrying out its receivership duties neutrally and "for the benefit of all who may have an interest in the receivership property," and it will hold "assets for the court," not for any party. He will provide, as necessary, an inventory, monthly reports, and a final report.  *See* L.R. 232(e)(1)–(2).

### IV.     <u>CONCLUSION</u>

Based upon all of the foregoing factors, pursuant to Federal Rule of Civil Procedure 66 and L.R. 232, Brighthouse respectfully submits that a receiver must be appointed to operate, preserve,

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -13-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

1  and protect the Brighthouse Receivership Property pending a resolution of the above-captioned

2  action. Brighthouse also respectfully request the entry of a preliminary injunction to prevent parties

3  from interfering with the Brighthouse Receiver or the Brighthouse Receivership Property during

4  the pendency of this receivership.

5        WHEREFORE, in view of the foregoing, the Plaintiff hereby request that the Court enter

6  an Order:

7        (i)      appointing Phillip Christensen as the Brighthouse Receiver to operate, preserve, and

8  protect the Brighthouse Receivership Property, to collect the rents from and pay the expenses of the

9  Brighthouse Receivership Property (including the fees and expenses of the Brighthouse Receiver),

10  to turn over the net rents (if any) to Brighthouse on a monthly basis, and to take such other and

11  further actions with regard to the Brighthouse Receivership Property as are permitted by the Order

12  and applicable law;

13        (ii)      for an order calendaring a hearing on the continuation of the receivership and order

14  to show cause as to why a preliminary injunction should not issue. See L.R. 232(c); L.R. 23;

15        (iii)      enjoining the Borrowers and Guarantor Defendants, their officers and directors,

16  vendors, and any and all third parties from interfering with the Brighthouse Receiver or the

17  Brighthouse Receivership Property during the pendency of the receivership; and

18        (iv)      providing Brighthouse with such other and further relief as the Court deems just and

19  appropriate.

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -14-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658

1    DATED: November 21, 2024                    STOEL RIVES LLP

2

3                                               By:  _/s/ Thomas A. Woods_
                                                MICHAEL B. BROWN, Bar No. 179222
4                                               michael.brown@stoel.com
                                                THOMAS A. WOODS, Bar No. 210050
5                                               thomas.woods@stoel.com
                                                BENJAMIN J. CODOG, Bar No. 307034
6                                               ben.codog@stoel.com
                                                MICHELLE J. ROSALES, Bar No. 343519
7                                               michelle.rosales@stoel.com

8                                               *Attorneys for Plaintiff*
                                                BRIGHTHOUSE LIFE INSURANCE
9                                               COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

PLAINTIFF'S *EX PARTE* MOTION FOR
ORDER APPOINTING RECEIVER AND FOR          -15-          CASE NO. 1:24-CV-01232-KES-SAB
PRELIMINARY INJUNCTION
126367020.5 0053564-00658